Samuel Lasser (SBN – 252754)
slasser@edelson.com
**LAW OFFICE OF SAMUEL LASSER**
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047

Jay Edelson*
jedelson@edelson.com
Rafey S. Balabanian*
rbalabanian@edelson.com
Alicia E. Hwang*
ahwang@edelson.com
Ari Scharg*
acharg@edelson.com
**EDELSON PC**
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiff*

Luanne Sacks (SBN 120811)
lsacks@srclaw.com
Michele D. Floyd (SBN 163031)
mfloyd@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, California 94108
Tel: 415.549.0580
Fax: 415.549.0640

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DOUGLAS LADORE, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>  v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware limited liability company,<br><br>    *Defendant.* | Case No. 3:14-CV-03530-EMC<br><br>**JOINT STATEMENT REGARDING STIPULATION OF DISMISSAL**<br><br>[Hon. Edward M. Chen] |

**A.     Prefatory Statement**

In this case, Plaintiff Douglas Ladore ("Ladore") alleges that he purchased the Killzone: Shadow Fall ("Killzone") video game because he believed that the "1080p" icon on the game box was a representation by Defendant Sony Computer Entertainment America LLC ("SCEA") of "native" 1080p resolution. Ladore sued on behalf of himself and all other Killzone purchasers, asserting jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

SCEA moved unsuccessfully to dismiss Ladore's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Parties then filed a Case Management Statement in which SCEA contested CAFA jurisdiction because arbitration and class action waiver contractual provisions applicable to Killzone purchasers would limit potential class members to those who had affirmatively opted out, like Ladore.[1] The Parties also exchanged information that confirmed there were not enough opt-out Killzone purchasers to satisfy either CAFA's $5 million amount-in-controversy requirement or the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Ladore therefore determined that pursuing class relief would be futile.

The Parties then engaged in extensive negotiations regarding an individual settlement over the course of several weeks and ultimately reached an agreement before SCEA answered the Complaint. Critically, the dismissal of the absent class members' claims is without prejudice.

**B.     Pre-Certification Notice Of This Settlement Is Not Required Under *Diaz*[2]**

The *Diaz* analysis analyzes three factors to ensure that the claims of absent class members are protected from collusive deals and not sacrificed for convenience: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file

---

[1] Ladore is the *only* Killzone-specific opt-out, and there were very few other opt-outs to the applicable software license.

[2] It should be noted that Federal Rule of Civil Procedure 23, subdivision (e), was amended in 2003 to specifically eliminate court approval of pre-certification settlements and dismissals, allowing them to simply be dismissed under Rule 41. *See* Fed. R. Civ. Proc. 23(e) (requiring court approval only for dismissal of "the claims, issues, or defenses *of a certified class*") (emphasis added).  This should be particularly true when the defendant has not yet filed an answer to the complaint.

JOINT STATEMENT REGARDING                                   1                              CASE NO. 3:14-cv-03530-EMC
STIPULATION OF DISMISSAL
00040108.DOCX - 2

other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989). In short, dismissal is allowed without notice absent substantial prejudice to absent class members' claims. *Tombline v. Wells Fargo, N.A.*, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014). In fact, most courts look no farther than whether the class claims are dismissed with prejudice. *Id*; *Richards v. Safeway Inc.*, 2015 WL 163393 (N.D. Cal. Jan. 12, 2015). In any event, all three factors are satisfied here.

### 1. There Is No Indication That Absent Class Members Have Relied on Plaintiff's Claims

The first *Diaz* factor focuses on whether the facts indicate that absent class members have relied on the pending litigation. *Mahan v. Trex Co., Inc.*, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010. The parties are unaware of any individual who is relying on this litigation to secure recovery against SCEA.[3] Further, courts give this factor less weight where, as here, the class claims are dismissed without prejudice and/or there is no danger that the statute of limitations will soon run. *See Lyons v. Bank of America, N.A.,* 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012) ("even if some putative class members had relied on the Plaintiffs' lawsuit, application of the second and third *Diaz* factors makes clear that they would not be prejudiced by dismissal here."). The first *Diaz* factor is satisfied here.

### 2. Putative Class Members Will Not Be Prejudiced By The Running of the Statute of Limitations

The critical factor here is whether absent class members will be prejudiced by a rapidly approaching statute of limitation. *Lyons*, 2012 WL 5940846, at *2. No such danger is present in this case—the asserted claims are governed by three and four year statutes of limitations,[4] and Killzone was released in November 2013 (the earliest date upon which the statute of limitations

---

[3] Ladore's counsel is unaware of any individuals that have an intent to bring similar claims.
[4] *See e.g.,* Cal. Bus. & Prof. Code § 17208 (four year statute of limitation for UCL claims); *see also* Cal. Civ. Code § 1783 (three year statute of limitations for CLRA claims)

JOINT STATEMENT REGARDING STIPULATION OF DISMISSAL
00040108.DOCX - 2
2
CASE NO. 3:14-cv-03530-EMC

could have begun to run). Thus, there is substantial time remaining before any applicable statute of limitations expire, especially given Ladore's contention that the statute of limitations have been tolled since this class action was filed. *Am. Pine and Constr. v. Utah,* 414 U.S. 538, 554 (1974). There is therefore no risk that putative class members would be prejudiced.

### 3. Plaintiff Has Not Made Any Concession of Class Interests to Further His Own Interests

Next, the settlement does not release any of the class's claims or interests, and thus, the putative class members will not be prejudiced by the dismissal. Courts have concluded that dismissing the class claims without prejudice—as this settlement would—resolves the *Diaz* analysis. *See, e.g., Richards,* 2015 WL 163393, at *2 (approving dismissal where class claims dismissed without prejudice); *Houston v. Cintas Corp.*, 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009) ("the parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members"); *Tombline*, 2014 WL 5140048, at *3 (same).

In addition, the settlement here does not reflect a a situation where the threat of a class action was leveraged for a strategic purpose. Ladore and his attorneys investigated his claim prior to filing suit. The Parties vigorously negotiated the settlement at arm's-length over several weeks. Ladore ultimately agreed to a modest and reasonable payment in settlement. Similarly, his counsel agreed to accept substantially less in fees than the amount of attorney time incurred in the case after determining that CAFA jurisdiction may not exist and that certification may be difficult to attain.

### C. The Parties Request A Further Case Management Conference or In-Camera Hearing If the Court Has Any Continuing Concerns Regarding the Settlement

As set forth above, the *Diaz* factors are easily satisfied here and the dismissal should be entered. Should the Court have any further concerns, the Parties would welcome the opportunity to explain the settlement in more detail (preferably in camera to accommodate confidentiality concerns).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | EDELSON PC |
| Dated: May 1, 15 | By: */s/ Ari Scharg* |
|  | ARI SCHARG |
|  | Attorney for Plaintiff |
|  |  |
|  | SACKS, RICKETTS & CASE, LLP |
| Dated:  May 1, 15 | By: */s/ Michele Floyd* |
|  | LUANNE SACKS |
|  | MICHELE FLOYD |
|  | Attorneys for Defendant |

## ATTESTATION CLAUSE

I, Michele Floyd, am the ECF user whose identification and password are being used to file the foregoing joint statement. I hereby attest that the above-referenced signatories to this stipulation have concurred in this filing.

Dated: May 1, 2015                                SACKS, RICKETTS & CASE LLP

Signed: */s/ Michele Floyd*
MICHELE D. FLOYD
Attorney for Defendant